UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| RICHARD EDMOND RUSSELL, JR., <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 14-01976 (AS) <br><br> **MEMORANDUM OPINION AND** <br><br> **ORDER OF REMAND** |

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On March 25, 2014, Plaintiff filed a Complaint seeking review of the denial of his applications for Disability Insurance Benefits and Supplemental Social Security Income. (Docket Entry No. 3). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 8, 11). On August 6, 2014, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 13-14). The parties filed a Joint Stipulation

("Joint Stip.") on November 7, 2014, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 19).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15; "Order Re: Procedures In Social Security Case," filed March 26, 2014 (Docket Entry No. 7).

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On August 29, 2011, Plaintiff, formerly employed as a nursing assistant, home health care provider, and airplane detailer (see AR 38, 146), filed applications for Disability Insurance Benefits and Supplemental Social Security Income, alleging disability since August 20, 2003. (See AR 15, 37, 71-72, 126-133). At the commencement of the administrative hearing on October 31, 2012, Plaintiff waived his application for Disability Insurance Benefits, and elected to proceed solely with his application for Supplemental Social Security Income, alleging a disability since August 29, 2011. (See AR 37). The Administrative Law Judge ("ALJ"), Jan Donsbach, heard testimony from Plaintiff and vocational expert Sandra Trost. (See AR 37-53). On November 29, 2012, the ALJ issued a decision denying Plaintiff's application. The ALJ determined that Plaintiff had a severe impairment -- "residual fractures of the fibular and humerus" -- but found that Plaintiff was not disabled within the meaning of the Social Security Act. (See AR 15-22).

Plaintiff requested that the Appeals Council review the ALJ's decision. (AR 7-11). The request was denied on February 22, 2014. (AR 1-5). The ALJ's decision then became the final decision of the Commissioner, allowing this Court to review the decision. See 42 U.S.C. §§ 405(g), 1383(c).

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in failing to properly: (1) assess the medical evidence in determining Plaintiff's residual functional capacity; and (2) assess Plaintiff's credibility. (See Joint Stip. at 3-6, 10-13, 15-17).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's first claim of error warrants a remand for further consideration. Since the Court is remanding the matter based on Plaintiff's first claim of error, the Court will not address Plaintiff's second claim of error.

**A. The ALJ Failed to Properly Assess the Medical Evidence**

The ALJ found that Plaintiff had the following RFC: the ability to perform light work[1] "except no more than occasional overhead reaching dominant right upper extremity." (See AR 22). In making this determination, the ALJ stated that he had afforded "great weight" to the "findings of the consultative examiner and DDS medical consultants." (AR 20). As set forth below, however, the ALJ rejected the findings of the consultative examiner without providing clear and convincing reasons and did not state the reasons for his reliance on the findings made by the DDS medical consultant.

///
///
///

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

### Consultative Examiner John Chung, M.D.

The ALJ summarized the November 29, 2011 findings of the consultative examiner, John Chung, M.D., following an orthopedic evaluation, including X-rays. (<u>See</u> AR 18, 254-63). Dr. Chung diagnosed Plaintiff with: "Internal derangement of the right shoulder with fracture"; "Probable adhesive capsulitis of the right shoulder"; "Derangement of the right hip as well as fracture"' and "Internal derangement of the right knee, rule out fracture or torn meniscus," (AR 254); and made the following functional assessment:

> Based on the objective finding, he is not able to use the right upper extremity to perform any task at or above shoulder level. He had difficulty doing any pulling or pushing type of activity using the right upper extremity. There is no limitation for the left upper extremity. There is a probability that he has problem with his right knee and this needs to be ruled out, therefore, he will have limitation of standing or walking capacity. In an 8-hour day, he is able to stand and walk 2 hours and sit for 6 hours. He is not able to lift and carry using the right upper extremity. He has postural limitation. He also had environmental limitation because of his writing problem. At the present time, I feel that he has difficulty in doing any type of physical activity on his right upper and lower extremity. Further diagnostic evaluation is indicated.

(AR 258).

Although the ALJ purported to afford great weight to Dr. Chung's opinions, the ALJ's determination on Plaintiff's RFC actually gave Dr. Chung's opinions very little weight. Indeed, the ALJ did not specifically address Dr. Chung's opinions as to Plaintiff's postural and environmental limitations.

4

The ALJ rejected Dr. Chung's opinion about Plaintiff's ability to lift and carry was "excessively restricted" based on: (a) Plaintiff's "admission that he can carry small bags of groceries and perform small chores, as noted in his Exertional Activity Questionnaire" (see AR 18, citing AR 163-65 [In an Exertion Questionnaire dated October 22, 2011, Plaintiff wrote, "I can carry a small bag of groceries" and "I can do small chores"]); and (b) Plaintiff's testimony at the hearing that he takes out the trash, does a little walking and recycles bottles and cans (see AR 18, 43-44). However, these reasons do not meet the clear and convincing standard.

First, the ALJ mischaracterized Plaintiff's statements, since Plaintiff did not claim that he could perform daily activities on an unlimited basis. (See AR 164-65 [In the Questionnaire, Plaintiff wrote, "I can carry a small bags (sic) of groceries, because of pain in shoulder I can not (sic) do this often" and "I can do small chores if it doesn't involve using my right shoulder (sic) or standing for any length of time."]); AR 43-44 [At the hearing, Plaintiff testified, "I usually try to get out and do a little bit of walking, I recyle when I can" and "I take out the trash."). Second, Plaintiff's statements about his ability to perform daily activities generally was not inconsistent with Dr. Chung's opinion because Plaintiff could have performed such activities with his left hand (see AR 45), the use of which Dr. Chung did not restrict. Third, Plaintiff's ability to perform certain daily activities, such as carrying groceries, taking out the trash, walking, and recyling, did not support the adverse credibility finding as to Dr. Chung. See Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ also rejected Dr. Chung's opinions based on Plaintiff's testimony that his pain is relieved with medication (see AR 18). This reason was also not clear and convincing. The ALJ does not cite to any part of the record where Plaintiff testified that his pain was relieved with medication and the record does not reflect that Plaintiff testified his pain was totally relieved with medication. At the hearing,

Plaintiff testified that medication and a heating pad "eases the pain a little bit" on his right shoulder and hip, and that with medication his right knee pain goes down to a level of 3 (see AR 47-48). Moreover, in the Exertion Questionnaire, Plaintiff stated that he could not carry things very far unless he first takes pain medications. (See AR 164). The record does not substantiate the ALJ's characterization about Plaintiff's pain relief.

The final reason given by the ALJ for discrediting Dr. Chung's opinions was the absence of evidence of ongoing medical treatment, the problems with certain records suggesting Plaintiff is disabled and/or temporarily unemployable, and the allegedly infrequent and irregular nature of Plaintiff's treatment (see AR 18-19). Contrary to the ALJ's assertion (see AR 18-19), however, it appears that at least some records concerning Plaintiff's disability and/or temporary unemployability were signed by an acceptable medical source. (See AR 303-05). In any event, the ALJ failed to explain how Dr. Chung's opinions about Plaintiff's limitations were affected by such matters. The case relied on by Defendant to support the ALJ's reason (see Joint Stip. at 7, citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) relates only to a claimant's credibility determination.[2]

Thus, the Court finds that the ALJ erred in his assessment of the examining physician's opinions (see Joint Stip. at 5, 10), by failing to provide "clear and convincing" reasons for rejecting Dr. Chung's testimony. See Lester v. Chater, supra, 81 F.3d at 831 ("[T]he Commissioner must provide 'clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician.").

---

[2] The Court will not consider reasons for discounting Dr. Chung's opinions (see Joint Stipulation at 7) that were not given by the ALJ in the Decision. See Pinto v. Massanari, 249 F.3d 840, 847-48 (9th Cir. 2001); SEC v. Chenery Corp., 332 US 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).

<u>DDS Medical Consultant I. Kim</u>:

Although the ALJ purported to rely on the "opinions of the DDS medical consultants," (<u>see</u> Joint Stip. at 4, 10), the ALJ did not summarize or discuss any such opinions and, contrary to the ALJ's assertion, the record reveals only one consultant who provided an opinion regarding Plaintiff's functional limitations. A "Disability Determination Explanation," (<u>see</u> AR 62-70), prepared by I. Kim on February 1, 2012 stated that Plaintiff had the following RFC for the period of August 1, 2012 to August 1, 2013:

> Plaintiff had exertional limitations (Plaintiff could occasionally lift and/or carry 20 pounds and could frequently lift 10 pounds; Plaintiff could stand and/or walk about 6 hours in an 8-hour workday; Plaintiff could sit about 6 hours in an 8-hour workday; Plaintiff could push and/or pull unlimited); Plaintiff had postural limitations (Plaintiff could occasionally climb ramps/stairs; Plaintiff could never climb ladders/ropes/scaffolds; Plaintiff could frequently balance, stoop, kneel and crouch; Plaintiff could never crawl); Plaintiff has manipulative limitations (Plaintiff is limited with his ability to use his right arm to reach in front and/or laterally and overhead; Plaintiff can handle, finger and feel unlimited); and Plaintiff does not have any visual, communicative or environmental limitations.

(AR 67-68).

The ALJ failed to explain why he was giving this opinion such great weight. <u>See</u> 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii) ("Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant

. . . ."); Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir. 1981) ("The circuit courts have consistently recognized the need for full and detailed findings of fact essential to the Secretary's conclusion."); see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) ("The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician *or* a treating physician")(emphasis in original). Moreover, as Plaintiff asserts and Defendant does not dispute (see Joint Stip. at 4, 10), since I. Kim identified himself as a "SDM" (which apparently is a substitute decision maker), it is not clear that the ALJ was entitled to rely on his opinions. See 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i) ("State agency medical and psychological consultants and other program physicians, psychologists and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

**B.   Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."). However, where, as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to properly evaluate the opinions of the consultative examiner and the State Agency medical consultant, remand is appropriate. Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[3]

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 20, 2015

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014). Accordingly, the Court declines to rule on Plaintiff's claims regarding the ALJ's questions to the vocational expert (see Joint Stip. at 5-6, 11) and the ALJ's assessment of Plaintiff's credibility (see Joint Stip. at 11-13, 15-16). Because this matter is being remanded for further consideration, these issues should also be considered on remand.